IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. GIBSON, | : |
|     Petitioner | : |
|     v. | : Case No. 3:25-cv-73-KAP |
| BOBBI SALAMON, SUPERINTENDENT | : |
| S.C.I. ROCKVIEW, *et al.*, | : |
|     Respondents | : |

<u>Report and Recommendation</u>

<u>Recommendation</u>

The petition for a writ of habeas corpus at ECF no. 1 should be dismissed as moot. This is submitted as a recommendation because preservice dismissal is appropriate.

<u>Report</u>

Petitioner filed a petition for a writ of habeas corpus in March 2025 alleging that he had been denied parole by the Pennsylvania Parole Board in October 2024. The matter was administratively closed pending payment of the filing fee or filing of a motion to proceed *in forma pauperis*. Nothing further was heard from petitioner until last week, late October 2025, when petitioner filed what substantially repeated portions of the petition and was docketed as a brief. The exhibits reflect that petitioner was denied parole again in October 2025.

The court is familiar with the general problem of inmates seeking parole through habeas corpus petitions that must be dismissed because they are unexhausted. *See generally* <u>Graves v. Henry</u>, Case No. 3:23-cv-258-NBF-KAP (W.D.Pa. January 7, 2025). This petition presents no exception to the exhaustion requirement and should if it were reached on the merits be dismissed as discussed in <u>Graves v. Henry</u>. If the petition were exhausted it presents no meritorious claims.

This petition has two additional fatal defects. The first is the failure to prosecute resulting from petitioner's disregard of his duty to pay the filing fee or obtain *in forma pauperis* status. That would require at least dismissal without prejudice.

The second dispositive defect, and the motivation for this Report and Recommendation, requires the petition to be dismissed with prejudice as moot. As the October 2024 denial of parole challenged in the petition notified petitioner, he could reapply for parole and his parole would be reconsidered in October 2025. Petitioner's challenge to the October 2024 denial can result in no meaningful ruling by the court because that ruling is no longer why petitioner is in custody.

1

For a federal court to have jurisdiction over a case, an actual controversy must be extant not only at the outset of litigation, but throughout its course. <u>Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 67 (1997). *See also* <u>Camreta v. Greene</u>, 563 U.S. 692, 711 (2011) ("When subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur we have no live controversy to review." (cleaned up, citations omitted)). The injury that the petition sought to remedy has ended: if petitioner continues to be detained by the Department of Corrections as a result of Parole Board action in October 2025 that presents a different case or controversy and will require a different petition. If what petitioner is seeking is to "update" the original petition with a more recent denial, he cannot do that even if he pays the filing fee.

And that petition should be filed in the appropriate venue. Petitioner's underlying conviction was in a county in this district, but the office with jurisdiction over his parole decisions and his place of custody are in the Middle District.

Pursuant to 28 U.S.C.§ 636(b)(1) the petitioner, providing that he pays the filing fee or files a meritorious motion to proceed *in forma pauperis*, can within fourteen days file written objections to my recommendation. In the absence of timely and specific objections, any appeal would be severely hampered or entirely defaulted. See <u>EEOC v. City of Long Branch</u>, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

DATE: November 3, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by U.S. Mail to:

William R. Gibson QL-0935
S.C.I. Rockview
P.O. Box A
1 Rockview Place
Bellefonte, PA 16823