IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. GIBSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 3:25-cv-73 |
| ) | Judge Stephanie L. Haines |
| BOBBI SALAMON, SUPERINTENDENT, ) | Magistrate Judge Keith A. Pesto |
| SCI- ROCKVIEW, *et al*. ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM ORDER

Presently before the Court is a Petition for Habeas Corpus filed under 28 U.S.C. § 2254 by *pro se* Petitioner William R. Gibson ("Petitioner") (ECF No. 1). Petitioner is currently housed at State Correctional Institution at Rockview ("SCI-Rockview") and challenges the denial of parole in his case. ECF No. 1, p. 1; ECF No. 1-1. In particular, Petitioner attaches letters of denial for parole in September 28, 2023, and in October 22, 2024. ECF No. 1-1, pp. 1-4.

Petitioner lodged his Petition without a Motion in forma pauperis or filing fee and the case was administratively closed awaiting re-opening when he cured this defect. ECF Nos. 1, 2. He never did. He then filed a Brief seven months later (ECF No. 3) when parole was denied again on October 16, 2025. ECF No. 3-1, pp. 1-2. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

### A.   Standard of Review

A petition for a writ of habeas corpus must be promptly screened and is subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A.

foll. § 2254; *see also id.* at Rule 1(b) (applying to Section 2241 petitions). Rule 4 also states that a judge must order the respondent to file an answer only "[i]f the petition is not dismissed...." *Id.* "The language of the rule thus makes clear: where it is plainly apparent from the face of the petition that the petitioner will not prevail, the petition should be dismissed without ordering the respondent to answer." *Santiago Rosario v. Philadelphia Cnty.*, No. CV 19-6017, 2020 WL 8674051, at *1–2 (E.D. Pa. Sept. 24, 2020), *report and recommendation adopted sub nom. Rosario v. Philadelphia Cnty.*, No. 19-CV-6017, 2021 WL 765781 (E.D. Pa. Feb. 26, 2021) (citing *Pritchard v. Wetzel*, No. 13-5406, 2014 WL 199907, at *2 (E.D. Pa. Jan. 16, 2014); *Smallwood v. Meisel*, No. 13-3989, 2013 WL 6153238, at *2 (E.D. Pa. Oct. 16, 2013), *report and recommendation adopted*, No. 13-3989, 2013 WL 6145123 (E.D. Pa. Nov. 21, 2013)).

The Advisory Committee Notes to this rule similarly recognize that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Santiago Rosario*, 2020 WL 8674051, at *1–2 (E.D. Pa. Sept. 24, 2020); *see also Ogunlana v. Barraza*, No. 4:22-CV-01854, 2022 WL 17814213, at *1 (M.D. Pa. Dec. 14, 2022) ("28 U.S.C. § 2254 Rule 1(b) (permitting district court, in its discretion, to apply Rules Governing Section 2254 Cases to Section 2241 habeas petitions"); *id.* ("§ 2254 Rule 4 (requiring courts to screen habeas petitions and, '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner'").

Numerous courts within our Circuit have followed this interpretation and have dismissed habeas petitions upon an initial screening. *See, e.g., Shaw v. Wynder,* No. Civ.A. 08–1863, 2008 WL 3887642 (E.D. Pa. Aug. 21, 2008) (dismissing petition without requiring response where claim frivolous); *Craig v. Rozum,* No. Civ.A. 07–5490, 2008 WL 920346 (E.D. Pa. Apr. 2, 2008)

(same); *Watson v. Wynder,* No. 07–4066, (E.D. Pa. Nov. 27, 2007) (same); *PorteYanes v. Lore,* No. CIV 4:CV–07–1525, 2007 WL 2852385 (M.D. Pa. Sep. 27, 2007) (applying Rule 4 to § 2241 petition). *See also Allen v. Perini,* 26 Ohio Misc. 149, 424 F.2d 134, 140–41 (6th Cir.1970) (determining that a reviewing federal habeas court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face. No return is necessary when the petition is frivolous, or obviously lacking in merit, or where, as here, the necessary facts can be determined from the petition itself without need for consideration of a return."). *Alexander v. Corbin*, No. CIV.A. 11-2727, 2011 WL 5340568, at *1 (E.D. Pa. Sept. 28, 2011), *report and recommendation* adopted, No. 11-CV-2727, 2011 WL 5357828 (E.D. Pa. Nov. 3, 2011); *see also Tice v. Wilson*, No. 1:24-CV-46-RAL, 2024 WL 1771054, at *1 (W.D. Pa. Feb. 29, 2024), *report and recommendation rejected on other grounds,* No. 1:24-CV-46, 2024 WL 1550331 (W.D. Pa. Apr. 10, 2024).

## B. Discussion

On November 3, 2025, Magistrate Judge Pesto screened Petitioner's Petition and filed a Report and Recommendation (ECF No. 4) recommending the Petition be dismissed as moot. Judge Pesto provides several bases for dismissing the Petition. First, the Petition is unexhausted;[1] second, the Petition has no meritorious claim; third, Petitioner has failed to prosecute the case because he has not paid a filing fee or obtained in forma pauperis status; and fourth, Petitioner's challenge to the October 2024 denial of parole, specified in his Petition (ECF No. 1), must be dismissed with prejudice as moot because he could and did reapply for parole for 2025. The application in October 2025, was subsequently denied. Therefore, there can be no meaningful ruling on his Petition challenging the 2024 denial of parole as that denial is no longer the basis for

---

[1] The PLRA requires a prisoner to exhaust any available administrative remedies before he may bring an action pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. 42 U.S.C. § 1997e(a).

which the Petitioner is in custody. ECF No. 4, p. 1. Thus, his Petition challenging the denial of parole in 2024 is moot.[2]

Plaintiff was advised he had fourteen days to object to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner did not file Objections and the time to do so has expired. Upon review of the record, the Report and Recommendation (ECF No. 4), under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto. Magistrate Judge Pesto correctly determined the Petition to be moot because the parole denial in 2024 has been superseded by the later parole denial in 2025. The Court of Appeals, in *Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002), directs courts to allow plaintiffs in civil rights cases leave to amend unless that amendment is "futile" or "inequitable." This Court finds that any amendment to the Habeas Petition would be futile as the denial of which he complains is no longer the basis for his continued detention.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 26th day of November, 2025, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 4) is adopted as the Court's Opinion and;

---

[2] "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (internal citations and quotations omitted). Thus, if developments occur during the litigation that eliminate a petitioner's personal stake in the outcome of a suit or prevent a court from granting effective relief, the case must be dismissed as moot. *See id*. at 147-48; *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013).

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is hereby DENIED as moot.

The Clerk is to mark this case closed.

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge